UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAPORCHIA JACKSON** and **KERRISA SMITH** )<br>)<br>versus )<br>)<br>**GABRIELLE BETHEA** and )<br>**STATE FARM MUTUAL AUTOMOBILE** )<br>**INSURANCE COMPANY** )<br>) | CIVIL ACTION NO.<br><br>JUDGE:<br><br>MAGISTRATE: |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes State Farm Mutual Automobile Insurance Company ("State Farm"), who files this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby removes this matter from the Docket of the Civil District Court for the Parish of Orleans, State of Louisiana, and moves it to the Docket of this Honorable Court, with full reservation of all rights, exceptions, and defenses.

### PROCEDURAL HISTORY

I.

Plaintiffs, Laporchia Jackson and Kerrisa Smith, filed this lawsuit in the Civil District Court for the Parish of Orleans, State of Louisiana on January 7, 2022. Said state proceeding is entitled: "*Laporchia Jackson and Kerrisa Smith v. Gabrielle Bethea and State Farm Mutual Automobile Insurance Company*," the docket number is 2022-00166 and is pending before the Honorable Sidney H. Cates, IV. A copy of the Plaintiffs' *Petition for Damages* is annexed hereto as Exhibit "A" and made a part hereof as if copied herein *in extenso*.

330/6411.0537

II.

State Farm was served through its agent for service of process on or about March 17, 2022. A copy of the service information from the East Baton Rouge Sheriff's Office, along with the Citation, are annexed hereto, *in globo*, as Exhibit "B" and made a part hereof as if copied herein *in extenso*. Ms. Bethea has not been served.

III.

According to the *Petition for Damages*, Ms. Bethea "…veered into the parking lane slamming into Petitioners' vehicle causing the collision herein being sued upon. Gabrielle Bethea then fled the scene and Petitioners followed the defendant driver to 1021 Felicity St. Gabrielle Bethea was cited for LARS 14:00 (hit and run) and LARS 154:381 (operating a vehicle while intoxicated.)" *Ex. A*, p. 2, ¶ IV. In the following Paragraph, the *Petition for Damages* alleges the Plaintiffs "…sustained serious injuries to their person, causing them to seek medical attention and treatment." *Id.*, ¶ V.

## "OTHER PAPERS" SEEK AN AMOUNT IN EXCESS OF $75,000.00.

I.

A review of the *Petition* will show no indication as to the alleged value of Plaintiff's purported injuries. However, before service was made on State Farm, Plaintiffs filed an Offer of Judgment on behalf of each Plaintiff for $245,000.00. The offers of judgment are annexed hereto, *in globo*, as Exhibit "C."

Then, on March 27, 2022, Plaintiffs submitted a time-sensitive settlement demand for $250,000.00 on behalf of each Plaintiff. After the April 4, 2022 deadline set forth in said demand elapses, the demands on behalf of each Plaintiff doubles to $500,000.00 per Plaintiff. Moreover, the settlement demand states, in pertinent part, "[a]dditionally, it is believed Ms. Bethea was

intoxicated; thus, punitive damages on top of bad faith damages will be sought at trial." A copy of the settlement demand is annexed hereto as Exhibit "D" and made a part hereof as if copied herein *in extenso*.

As for the sufficiency of this "other paper," State Farm notes the settlement demand [Exhibit D]: (A) was in writing;[1] was sent by Plaintiffs' counsel;[2] and it was received after the *Petition for Damages* was filed.[3] The U.S. Fifth Circuit has held that settlement demand letters constitute "other paper" sufficient to establish the amount in controversy for purposes of removal. *Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 Fed. Appx. 437, 440 (5th Cir. 2011). It should be noted, State Farm denies all liability and each element of damage alleged by Plaintiffs.

II.

Defendants, in compliance with 28 U.S.C. § 1446(b)(3), have timely filed this Notice of Removal within thirty (30) days of receipt of the settlement demand previously identified as Exhibit D.

III.

This Notice of Removal has also been filed within one (1) year of the commencement of the action in state court. *See 28 U.S.C. § 1446(c)(1)*.

**COMPLETE DIVERSITY JURISDICTION**

I.

Plaintiffs alleges they are domiciled in Orange County, Florida. *Ex. A*, p. 1.

---

[1] *Entrekin v. Fisher Sci. Inc.*, 146 F. Supp. 2d 594, 613 (D.N.J. 2001).
[2] *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1221 (11th Cir. 2007).
[3] *Carvalho v. Equifax Indo. Servs.*, 629 F.3d 876, 885-86 (9th Cir. 2010).

330/6411.0537

II.

State Farm is a foreign insurance corporation duly organized under the laws of the State of Illinois and has its principal place of business in the State of Illinois.

III.

Though not currently a party to this proceeding, Ms. Bethea is believe to be a Louisiana citizen. *Id.*

IV.

Accordingly, there is complete diversity jurisdiction between the parties.

## LAW AND ARGUMENT

IV.

State Farm desires to have this cause of action removed from the Docket of the Civil District Court for the Parish of Orleans, State of Louisiana and moved to the Docket of the United States District Court for the Eastern District of Louisiana, under the provisions of 28 U.S.C. §§ 1332 and 1441. 28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "…where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between – (1) citizens of different States;…"

V.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00:

> [I]n either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy--preferably in the removal petition, but sometimes by affidavit--that support a find of the requisite amount.
>
> *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002) [*Original emphasis* maintained].

330/6411.0537

VI.

For purposes of this removal, it is apparent from the settlement demand and additional facts set forth herein, that each Plaintiff contends the amount in controversy exceeds seventy-five thousand dollars and no/100 ($75,000.00) dollars, exclusive of interest and costs.

VII.

When the dispute in controversy concerns the coverage provided by an insurance policy, the object of the litigation is the insurer's total potential liability, including the insurer's contractual liability under that policy, plus any penalties allowed by state law. *Buras v. Birmingham Fire Ins. Co. of Penn.*, 327 F.2d 238, 238-39 (5th Cir. 1964). The coverage limit on the insurance policy issued by State Farm is $250,000.00 per person and $500,000.00 per accident.

VIII.

The *Petition for Damages* fails to state that this cause of action does not exceed $75,000.00, exclusive of interest and costs, and, the Plaintiffs have not offered, accepted to, or entered a binding stipulation by which they renounce the right to accept a judgment in excess of $75,000.00. *See e.g. Kaplan v. Prime Demolition & Disposal, LLC,* 2008 WL 5264024, at *2 (E.D. La. Dec. 18, 2008) and *Gautreau v. Lowe's Home Ctr., Inc.,* 2012 WL 7165280, at *5 (M.D. La. Dec. 19, 2012).

IX.

While State Farm does not admit any liability or any element of damages, State Farm submits it has met its burden of establishing that it is apparent that the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

X.

State Farm consents to this requested removal. *See 28 U.S.C. § 1446(a).*

XI.

Jurisdiction is founded on the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

XII.

The Civil District Court for the Parish of Orleans, State of Louisiana is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, the Eastern District of Louisiana is the proper venue for removal under 28 U.S. C § 1441(a) because it is the "…district and division embracing the place where such action is pending."

XIII.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Mr. Morgan and Indiana Farm Bureau are attached:

1. Plaintiff's *Petition for Damages* is annexed hereto as Exhibit "A;"

2. The Citation and service documents to State Farm are annexed hereto *in globo* as Exhibit "B;"

3. Plaintiffs' offers of judgment are annexed hereto, *in globo*, as Exhibit "C;"

4. Plaintiffs' settlement demand is annexed hereto as Exhibit "D;"

5. State Farm's *Answer and Request for Notice* are annexed hereto as Exhibit "E;" and

6. *Plaintiff's Motion and Incorporated Memorandum to Deem Facts Admitted* and the March 14, 2022 [before State Farm or Ms. Bethea were or have been served] order in which Judge Cates declined to sign the order are annexed hereto as Exhibit "F."

330/6411.0537

XIV.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon all adverse parties and a copy is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

XV.

No previous application has been made for the relief requested herein.

XVI.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

Respectfully submitted,

/s/ Leandro R. Area
**LEANDRO R. AREA (34425)(T.A.)**
Of
PORTEOUS, HAINKEL & JOHNSON, L.L.P.
704 Carondelet Street
New Orleans, Louisiana 70130
T: (504) 412-6268
F: (504) 412-6368
E: rarea@phjlaw.com
*Counsel for State Farm Mutual Automobile Insurance Company*

330/6411.0537

## CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)

I hereby certify that a copy of the foregoing Notice of Removal has been given by electronic means, hand delivery, and/or by mailing same via United States Mail, properly addressed and with first class postage prepaid to:

**LAPORCHIA JACKSON** and
**KERRISA SMITH**
*Through their attorney of record:*
Daryl A. Gray (LSBA No. 34225)
Danielle A. Mackie (LSBA No. 38826)
WRIGHT GRAY LAW FIRM
201 St. Charles Avenue, Ste. 2710
New Orleans, Louisiana 70170
T: (504) 500-0000
F: (504) 324-0445
E: daryl@wrightgray.com
E: danielle@wrightgray.com

I hereby further certify that a copy of the foregoing Notice of Removal has been given by mailing same via United States Mail, properly addressed and with first class postage prepaid to:

Honorable Chelsey R. Napolean, Clerk of Court for Civil District Court
421 Loyola Avenue, Room 402
New Orleans, Louisiana 70112

for filing same into the state court action entitled: "*Laporchia Jackson and Kerrisa Smith versus Gabrielle Bethea and State Farm Mutual Automobile Insurance Company*" and bears case number: 2022-00166, Div. "C-10", on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 4th day of April 2022.

/s/ Leandro R. Area
**LEANDRO R. AREA**

330/6411.0537