UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAPORCHIA JACKSON, ET AL. | CIVIL ACTION |
| VERSUS | 22-878 |
| GABRIELLE BETHEA, ET AL. | SECTION: "J" (5) |

## ORDER & REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 9)** filed by Plaintiffs, Laporchia Jackson and Kerrisa Smith, and an opposition **(Rec. Doc. 12)** filed by Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"). Having considered the motion and legal memoranda, the record, and the applicable law the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiffs, Laporchia Jackson and Kerrisa Smith, filed this lawsuit in the Civil District Court for the Parish of Orleans, State of Louisiana, on January 7th, 2022 for injuries they allegedly sustained in an automobile accident in Orleans Parish on March 19, 2021. Plaintiffs claim that they are domiciled in Orange County, Florida. Plaintiffs allege that they were visiting New Orleans and travelling on South Peters Street in a rented vehicle at the time of the incident. Defendant, Gabrielle Bethea, a resident of Baton Rouge, Louisiana, was driving on South Peters Street in New Orleans and allegedly collided with Plaintiff's vehicle.

On April 5th, 2022, Defendants Gabrielle Bethea and State Farm Mutual Automobile Insurance Company ("State Farm") filed a notice of removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 on the basis that the amount in controversy at the time of removal exceeded the jurisdictional limit of $75,000.00 exclusive of interest and costs and that complete diversity existed between the parties.

On April 26, 2022, Plaintiff's filed a Motion to Remand to state court. The Court marked the Motion as deficient. On July 1st, 2022, Plaintiffs filed a subsequent Motion to Remand which is currently before the Court.

## **LEGAL STANDARD**

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

Completely diversity of citizenship exists when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A natural person who is a citizen of the United States and domiciled in a state is a citizen of that state. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir.

1996). For purposes of diversity jurisdiction, a corporation is a citizen of (1) its state of incorporation and (2) the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1).

In addition to complete diversity, § 1332(a) requires that the amount in controversy exceed $75,000. When the petition is silent on the exact amount of claimed damages, the removing party bears the burden of proving "by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002).

## **PARTIES ARGUMENTS**

Plaintiffs contend that under 28 U.S.C. § 1441(b)(2), Defendant State Farm may not remove the proceeding to federal court because Plaintiffs complied with service requirements when they timely requested service on Defendant Bethea in their petition for damages. *See* (Rec. Doc. 9. at 4). Plaintiff contends that this Court should grant Plaintiff's Motion to Remand, arguing that removal in this proceeding on the basis of complete diversity would conflict with the underlying purpose of § 1332 and § 1441(2)(b) which is to shield defendants from bias in state court. *See* (*id*). Plaintiff argues that under 28 U.S.C. § 1441(b)(2), the "Forum Defendant Rule," State Farm may not remove the proceeding as Plaintiffs argue that they have satisfied the "properly joined and served" requirements set out in § 1441(b)(2) as they made multiple attempts to serve Ms. Bethea within the ninety-day time frame afforded by La. Civ. Code. Art. 1201. *See* (*id* at 5-6).

Defendant State Farm argues that the Motion to Remand should be denied because diversity existed at the time the notice of removal was filed. Moreover, Defendant argues that Plaintiff's Motion to Remand is untimely as it was not filed within 30 days of filing the Notice of Removal, which was filed on April 4, 2022. *See* (Rec. Doc. 12. At 1).

## DISCUSSION

### I. Plaintiffs' Motion is Untimely.

On April 4, 2022, Defendant State Farm timely filed its Notice of Removal. Defendant's Motion to Remand was first filed on April 26, 2022; was deemed deficient by the Court; and was not refiled until July 1, 2022. The Motion to Remand was filed eighty-eight (88) days after removal. A motion to remand a case on the basis of a defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the Notice of Removal. *See* 28 U.S.C. § 1447(c). Thus, as this Court has subject matter jurisdiction over the claims, the motion to remand the proceedings is untimely.

### II. Removal was Proper Under Diversity Jurisdiction.

Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). In the present matter, Plaintiffs allege that they are domiciled in Orange County, Florida while Defendant State Farm is a foreign insurance company duly organized under the laws of the State of Illinois with a principal place of business in the State of Illinois. Bethea is domiciled in the State of Louisiana.

Bethea's place of residence implicates what is known as the "forum defendant rule" which presents a potential bar to removal. The forum defendant rule states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b)(2). Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of a defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the Notice of Removal." While Plaintiff argues that the forum defendant rule deprives this Court of subject matter jurisdiction, the United States Court of Appeals for the Fifth Circuit has recognized that the rule is procedural, not jurisdictional. *See In re 1994 Exxon Chemical Fire*, 558 F.3d 378,392 (5th Cir. 2009). Accordingly, such objections may be waived. *See id.*

That said, at the time of removal, Defendant Bethea was not yet a party to the proceeding because she had not yet been served. In the Fifth Circuit, jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). As such, although Defendant Bethea is a domiciliary of Louisiana, the "Forum Defendant Rule" is not implicated because she was not yet served. Here, Defendant State Farm removed the case before Bethea was served. This process is known as "Snap Removal", a process by which a named defendant files a notice of removal in the underlying state court prior to the in-state defendant being served with process. See *Texas Brine Co., LLC v. Am. Arbitration Ass'n*, 955 F.3d 482 (5th Cir. 2020) (finding that snap removal by a non-forum

5

defendant based upon the lack of service upon a forum-defendant prior to removal was proper). The Fifth Circuit has repeatedly upheld the use of snap removal, finding that in cases where a named but not-yet-served defendant was a citizen of the forum state it did not preclude removal as it was a procedural rule rather than a jurisdictional one. *See id.* Nonetheless, in the Fifth Circuit, a defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). In the present case, the Defendants have satisfied the complete diversity component as the plaintiff and defendants who were served with process were completely diverse at the time the notice of removal was filed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Remand* is **DENIED**.

New Orleans, Louisiana, this 23rd day of September, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE